UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Gene Minor, | ) C/A No. 4:10-2325-RMG-TER |
| Petitioner, | ) |
| vs. | ) |
| Warden FCI Williamsburg, | ) |
| Respondent. | ) Report and Recommendation |

The Petitioner, Ricky Gene Minor ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution (FCI) Williamsburg, in Salters, South Carolina.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*,

---

1 Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner states that, on August 23, 2001, the "United States District Court for the Northern District of Florida [Pensacola]" sentenced him to a term of life imprisonment "[d]ue to being classified as a career offender." *See* Petition, page 3. Petitioner indicates that he filed a motion, under 28 U.S.C. § 2255, with the sentencing court, however, the motion was denied on October 27, 2003. *Id.* at 2. Petitioner asks this Court to "vacate my sentence as a career criminal, given the fact that amendment 709 of the U.S.S.G.'s has now deemed me to be actually innocent of being a career criminal, and to resentence me accordingly without the career offender enhancement." *Id.* at 8.

2

Discussion

Generally, a habeas petition brought pursuant to 28 U.S.C. § 2241 "'attacks the execution of a sentence rather than its validity,' whereas a motion brought pursuant to 28 U.S.C. § 2255 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *2 (D.S.C. April 7, 2009) (citation omitted).[2] If a petitioner attacks the validity of his sentence, this type of claim should usually be brought under § 2255 in the sentencing court. *Id.* In contrast, a writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this Court. However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner, such as Petitioner, may collaterally attack the legality of his conviction or sentence. The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[2] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006).

3

>move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). *See also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner alleges that the savings clause should be invoked due to an amendment of the United States Sentencing Guidelines (Guidelines), which happened subsequent to Petitioner's sentencing and first § 2255 motion. Although Petitioner believes he satisfies the *In re Jones* criteria, he is mistaken. Amendment 709 of the Guidelines does not deem the conduct of which the Petitioner was convicted non-criminal. Instead, Amendment 709, which became effective on November 1, 2007, addresses the computation of criminal history scores. However, the reach

of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)("the savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor"). Thus Petitioner's action, seeking a determination that he is actually innocent of his sentence, fails to state a cognizable § 2241 claim. *See James v. Stansberry*, C/A No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (finding that the § 2241 petition, which raised a claim that the Failure to Stop for a Blue Light conviction could no longer be a "violent felony" under the Armed Career Criminal Act, was really a § 2255 successive motion). *Cf. United States v. Maybeck*, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

Finally, it is noted that, Amendment 709 of the Guidelines "has not been made retroactive to cases on collateral or post-conviction review, except as to direct appeal. U.S.S.G. § 1B1.10(c)." *United States v. Cosby*, Criminal No. 1:07cr33-3, 2010 WL 3156553 at *2 (W.D.N.C. Aug. 9, 2010). *See also U.S. v. Barnes,* No. 09-7702, 2010 WL 2814410 (4th Cir. July 19, 2010); *Gambrell v. United States*, C/A No. 6:06-cr-1094, 2009 WL 1605635 at *2 (D.S.C. June 5, 2009). Therefore, even if the Petitioner could avail himself of §2241, Amendment 709 would be inapplicable to his 2001 conviction and sentence.

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

                                                             s/Thomas E. Rogers, III
September 17, 2010                              Thomas E. Rogers, III.
Florence, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).