Ricky Gene Minor, )
    Petitioner, )    Case No. 4:10-cv-2325-RMG
)
v. )    **ORDER**
)
Warden FCI Williamsburg, )
    Respondent. )
)

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On September 17, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process on Respondent. (Dkt. No. 8). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report and Recommendation. (Dkt. No. 11).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. In the case herein, a petition under § 2241 is only available if § 2255 is inadequate or ineffective. Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." However, Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241. Petitioner alleges that the savings clause should be invoked due to an amendment of the United States Sentencing Guidelines (Guidelines), which happened subsequent to Petitioner's sentencing and first § 2255 motion.[1] Thus, Petitioner's § 2241 petition should thus be dismissed.

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner offers no argument which convinces this court that the Magistrate Judge erred in his analysis. Therefore, the petition is dismissed *without prejudice* and without issuance and service of process.

---

[1] Amendment 709 of the Guidelines "has not been made retroactive to cases on collateral or post-conviction review, except as to direct appeal. U.S.S.G. § 1B1.10(c)." *United States v. Cosby*, Criminal No. 1:07cr33-3, 2010 WL 3156553 at *2 (W.D.N.C. Aug. 9, 2010). *See also U.S. v. Barnes*, No. 09-7702, 2010 WL 2814410 (4th Cir. July 19, 2010); *Gambrell v. United States*, C/A No. 6:06-cr-1094, 2009 WL 1605635 at *2 (D.S.C. June 5, 2009). Therefore, even if the Petitioner could avail himself of §2241, Amendment 709 would be inapplicable to his 2001 conviction and sentence.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

October 25, 2010
Charleston, South Carolina