UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ricky Gene Minor, ) | C/A No. 4:10-2325-RMG-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Ricky Gene Minor ("Petitioner"), proceeding *pro se*, is an inmate at Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina. It appears that on August 23, 2001, he was sentenced in federal court in the Northern District of Florida to a term of life imprisonment "[d]ue to being classified as a career offender." *See* Petition, page 3. It further appears that his motion filed under 28 U.S.C. § 2255 with the sentencing court was denied. *Id.* at 2. Petitioner filed this petition under 28 U.S.C. §2241 asking asked this Court to "vacate my sentence as a career criminal, given the fact that amendment 709 of the U.S.S.G.'s has now deemed me to be actually innocent of being a career criminal, and to resentence me accordingly without the career offender enhancement." *Id.* at 8. On October 25, 2010, this action was dismissed without prejudice and without issuance and service of process. (Order, doc. #13).

1

This matter now is before the Court based on the Petitioner's motion to proceed *in forma pauperis* on appeal filed November 20, 2010.[1] The sole issue before the Court at this time is whether the Petitioner should be required to pay the filing fee for appeal, or whether his financial condition justifies proceeding without payment.[2]

Petitioner attached a copy of his Inmate Statement showing the balance in his prison account as of November 27, 2010, as being $2,920.73. In fact, the prison account statement indicates that he has maintained a balance exceeding $2000.00 since April, 2010. The filing fee on appeal is $455.00. Thus, Petitioner has not shown that he cannot pay the filing fee for appeal in this case. Although a litigant is not required to show that he is completely destitute in order to qualify as indigent within the meaning of 28 U.S.C. § 1915(a), *see Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948), the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."

---

[1] This matter was referred to the undersigned magistrate judge for review on January 6, 2011.

[2] There are no clear precedents in the Fourth Judicial Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*. The United States Court of Appeals for the Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the Sixth Circuit ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The United States Court of Appeals for the Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation so that the plaintiff may obtain a *de novo* review by a United States District Judge.

*Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Petitioner has not established that he is impoverished based on his application and Inmate Statement.

## RECOMMENDATION

Based on the above, it is recommended that Petitioner's motion to proceed *in forma pauperis* on appeal (Doc. #21) be **denied**.

|  |  |
|---|---|
| January 14, 2011<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Petitioner's attention is directed to the important notice on the next page.**